[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REVISED MOTION IN LIMINE TO PROHIBIT JUROR DEATH QUALIFICATION
The defendant in the above entitled matter requests that the court restrict the scope of voir dire questioning by prohibiting counsel from asking potential jurors any questions "A. Concerning attitudes for or against the imposition of the death penalty; and B. By which it is directly or indirectly suggested that the defendant, if convicted of Capital Felony, in violation of Conn. Gen. Stat. 53a-54b, might be sentenced to death." Such questioning, it is claimed by counsel, would violate provisions of the Connecticut Constitution, Article I, Sections 8, 9, 19 and 20 and the 5th, 6th, 8th and14th amendments of the United States Constitution.
In support of his position, defendant appears to take a two-pronged approach. First and foremost, he claims that because the defendant cannot constitutionally be sentenced to death, there is no reason to "death qualify" the jury. Secondarily, the defendant claims that "death qualifying" a jury is contrary to U.S. Supreme Court decisions in Furman v. Georgia, 408 U.S. 238 (1972) and Witherspoon v. Illinois,391 U.S. 510 (1968) and provisions of the United States and Connecticut Constitutions, in that defendant would be deprived of his right to trial by a fair and impartial jury from a representative cross-section of the community.
I will first address the argument concerning the constitutionality of the Connecticut death penalty statute 53a-46a and the method of inflicting same in 54-100. In his motion and brief, defendant delineates ten claims dealing with the constitutionality of the death penalty. He also appends to his page brief an additional 85 pages of the brief submitted to the Connecticut Supreme Court on like issues in the case of State v. Michael Ross (Supreme Court Nos. 13224, 13225 and 13226). The State also appends to its brief some 46 pages of its brief submitted in the Ross case. It is my understanding that this case has now been argued before said court and decision thereon is pending. CT Page 4068
The Connecticut Supreme Court, when faced with arguments concerning constitutionality of certain sections of the death penalty statute stated in State v. Breton, 212 Conn. 258, 269
(1989):
 The party attacking a validly enacted statute bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt and we indulge in every presumption in favor of the statute's constitutionality . . . . In choosing between two constructions of a statute, one valid and one constitutionally precarious, we will search for an effective and constitutional construction that reasonably accords with the legislature's underlying intent . . . . We undertake this search for a constitutionally valid construction when confronted with criminal statutes as well as with civil statutes.
Specifically left undecided in the Breton case, however, was the issue of whether the death penalty violates any provision of the Connecticut constitution. While the defendant in Breton asked the Supreme Court to interpret the Connecticut Constitution to provide relief beyond that afforded to him by the federal constitution, the court found that defendant in Breton had not advanced any concrete arguments for a separate state constitutional treatment of this issue. State v. Breton, supra, 271.
It is altogether possible that the Connecticut Supreme Court will consider these issues in the matter of State v. Michael Ross, now under consideration by that court. Therefore, unless or until the Supreme Court holds that the Connecticut death penalty and the manner of enforcing it violate provisions of the Connecticut and United States Constitution, this court will not presume to do so.
The second prong of defendant's motion in limine seeks to prohibit questioning on voir dire concerning death qualifying a juror claiming that such questioning and qualifying denies defendant's right to an impartial jury and a fair trial in violation of the 6th and14th Amendments of the United States Constitution and Article 1, Sections 8, 9 and 19 of the Connecticut Constitution. In addressing the issue concerning the State Constitution, defendant relies on the cases of Grigsby v. Mabry, 753 F.2d 226 (1985) and Keeton v. Garrison, CT Page 4069742 F.2d 129 (1984). These cases are from the Eighth and Fourth Circuits respectively and pre-date the U.S. Supreme Court decision of Lockhart v. McCree, 476 U.S. 162 (1986) which specifically referred to Grigsby and held in opposition to it. Although this particular question has not previously been determined in Connecticut, this court sees no reason to extend added protection from the Connecticut Constitution to the protections under the U.S. Constitution. Indeed, the extensive Connecticut voir dire procedure itself seems to provide additional and adequate protection from the seating of partial or biased jurors.
The object of questioning at voir dire is to obtain a fair and impartial jury — not one biased for or against either the State or defendant. Therefore, questions should be allowed concerning a prospective juror's views on the death penalty, among other questions on other topics. A juror who opposes the death penalty no less than one who favors it can make the discretionary judgment entrusted to him or her by the State and can thus obey the oath he or she takes as a juror. But a jury from which all such persons have been excluded cannot perform the task demanded of it. Witherspoon v. Illinois, supra, 519.
The proper standard for determining when a prospective juror may be excluded for cause because of his or her views on capital punishment is whether the juror's views would prevent or substantially impair the performance of duties as a juror in accordance with the instructions by the judge and the oath of the juror. Wainwright v. Witt, 469 U.S. 410, 412 (1985).
The U.S. Constitution does not prohibit the removal for cause, prior to the guilt phase of a bifurcated capital trial of prospective jurors whose opposition to the death penalty is so strong that it would prevent or substantially impair the performance of their duties as jurors at the sentencing phase of the trial. Lockhart v. McCree, supra, 175. In that case, the Supreme Court also decided that "death qualification" does not violate the fair cross section requirement of theSixth Amendment or the constitutional right to an impartial jury, as an impartial jury consists of nothing more than jurors who will properly and impartially apply the law and find the facts. This court is not persuaded that the Connecticut Constitution mandates any added protection.
Therefore, Defendant's Motion In Limine is denied, with the admonition that all voir dire questioning be done in accordance CT Page 4070 within the standards of Witherspoon, Wainwright and Lockhart.
/s/ Kulawiz, J. KULAWIZ